IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

ROBERT RAGAN, :
:
     Plaintiff, :        CASE NO.: _____
:
v. :        JUDGE:_____
:
NORFOLK SOUTHERN RAILWAY COMPANY, :        JURY DEMAND
:
     Defendant. :

---

## COMPLAINT

---

COMES NOW Plaintiff, Robert Ragan, by and through counsel, and files this Complaint against Defendant, Norfolk Southern Railway Company, and for his cause of action, says:

1.      This cause of action arises under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, as amended.

2.      Robert Ragan (hereinafter "Ragan") is a resident and citizen of the City of Henagar, in the State of Alabama.

3.      The Defendant, Norfolk Southern Railway Company ("NS" or sometimes "the railroad"), is a railroad corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in Norfolk, Virginia, and authorized to do business in the State of Tennessee; at all relevant times, the Defendant was doing substantial business within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation, and at all relevant times NS regularly and systematically conducted its business activities and affairs within the State of Tennessee, and in particular the City of Chattanooga and the County of Hamilton.

4.      On or about April 23, 2019, while working in the course and scope of his

employment as a carman/boilermaker for Defendant in the Chattanooga Yard, Plaintiff was severely injured as he was walking in the hallway in the maintenance building when he stepped on a defective carpet and rubber mat which caused him to trip and fall, as a result of which he suffered significant injuries.

5.     The railroad's negligence was a cause of the injuries as alleged above.

6.     At the time of the injury described above, the Plaintiff's duties were in the furtherance of interstate commerce, and the Plaintiff's work directly, closely and substantially affected the interstate commerce carried on by the Defendant.

7.     On April 23, 2019, the Defendant was negligent in one or more of the following manners, in that it:

      a.)    failed to provide the Plaintiff with a reasonably safe place to work;

      b.)    failed to adequately protect Plaintiff from dangerous worksite conditions;

      c.)    failed to properly inspect, repair, and maintain its worksite conditions and equipment;

      d.)    failed to promulgate and enforce rules, regulations, policies and/or procedures for the safe conduct of its work;

      e.)    failed to properly inspect, maintain and repair Plaintiff's walking working surfaces and work areas as required by OSHA and other regulations; and

      f.)    was otherwise negligent through the negligent acts and/or omissions of its agents, officers, employees, managers, supervisory personnel and/or others, in ways that will be established through discovery.

8.     NS failed to comply with the provisions of and requirements of the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, as amended.

9.     As a result of the railroad's negligence and statutory violations, the Plaintiff sustained serious and painful injuries which are or may be permanent; he has suffered physical pain,

discomfort and mental anguish, and these will or may continue in the future; he has incurred expenses for doctors and related medical care and in the future he will or may continue to incur such expenses in an effort to be cured or healed; he has missed time and lost earnings from his employment, and in the future he will or may continue to lose time, income and earning capacity as well as other benefits from his employment, and he has been unable to perform all of the usual personal affairs of a person of his age and position in life and in the future, he will or may continue to be unable to perform all of such affairs.

WHEREFORE, the Plaintiff, Robert Ragan, by counsel, demands a trial by jury and respectfully moves this Court for an award of damages against the Defendant in the amount of Two Million Five Hundred Thousand dollars ($2,500,000.00), and all other costs allowed by law to be charged against the railroad and for such other relief as deemed appropriate and permitted by law.

ROBERT RAGAN

By: /s/ Claude W. Anderson, Jr.<br>Of Counsel

Claude W. Anderson, Jr.
(VA Bar# 26387, NC Bar# 19448)
The Moody Law Firm, Inc.
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 393-4093
(757) 397-7257 (fax)
woody@moodyrrlaw.com