UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| ROBERT RAGAN, | ) |
| Plaintiff, | ) 1:21-CV-00068-DCLC-CHS |
| v. | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Ragan sued his former employer Defendant Norfolk Southern Railway Company ("Norfolk Southern") under the Federal Employer's Liability Act, 45 U.S.C. §§ 51–60, after he allegedly sustained injuries to his knee and lower back as a result of a tripping incident at work. He sought damages in the amount of $2.5 million [Doc. 1, pg. 3]. The case was tried to a jury which returned a verdict for Plaintiff in the amount of $282.10 [Doc. 74]. Ragan now moves for a new trial [Doc. 80], and Norfolk Southern responded in opposition [Doc. 83]. Ragan additionally filed a bill of costs, [Doc. 79], to which Norfolk Southern objects [Doc. 82]. Ragan did not respond to Norfolk Southern's objection and the time for doing so has expired. *See* L.R. 7.1(a). For the reasons stated below, Ragan's new-trial motion [Doc. 80] is **DENIED**. Norfolk Southern's Objection to Ragan's Bill of Costs [Doc. 82] is **GRANTED** and costs are **DENIED**.

**I.    BACKGROUND**

Ragan worked as a boilermaker for Norfolk Southern until an incident in which he alleges he sustained injuries to his back and left knee.[1] Video of the incident showed Ragan on duty

---

[1] The Court relies on an unofficial transcript of the testimony and its memory in reciting these facts.

1

walking toward the restroom when he stumbled on the edge of a rubber mat that had been placed close to the restroom door. The video later shows Ragan leaving the restroom and walking normally back to his place of work. Ragan later reported the incident to his employer and then sought medical attention at the hospital. He claimed that his injury from the stumble caused him such pain that he could no longer perform the requirements of his job. Thus, he left his employment.

At trial, Ragan's occupational safety expert testified that the condition of the mat was a trip hazard under OSHA standards. He testified that the ripples in the mat's side ranged from three-eighths to over a half of an inch but the maximum safe elevation for a vertical non-beveled surface in a walking-working surface was only one quarter inch. Norfolk Southern's employee testified the railroad ordinarily pays medical bills in cases like Ragan's as part of employees' benefit packages. Ragan's economics expert testified that because of his injury, Ragan lost $884,000 in future earnings reduced to present value assuming a retirement age of 67. That assumption was based on Ragan's assertion that he would have retired at 67 but for his injuries. Assuming a more conservative statistical retirement age of 64.2 years, the expert continued, those lost earnings would have been $641,025. A Norfolk Southern employee testified, however, that it was rare for a boilermaker like Ragan to work past 60. Ragan was 56 at the time of the incident. Further, Ragan did not respond to Norfolk Southern's offer to provide vocational rehabilitation. Based on the testimony and exhibits, the jury awarded $2,821.03 in medical bills, which the Court reduced to $282.10 based on the jury's findings that Norfolk Southern was 10% at fault [Doc. 74, pg. 2]. The jury declined to award damages for lost earnings and pain and suffering [*Id.*].

II. **LEGAL STANDARD**

Rule 59(a) of the Federal Rules of Civil Procedure provides that "[t]he court may, on motion, grant a new trial on all or some of the issues … [to] any party . . . after a jury trial, for any

2

reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a). A new trial is warranted when "(1) the verdict is against the weight of the evidence, (2) if the damages award is excessive, or (3) if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000). A court may grant a new trial on the issue of damages alone. *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 133 (6th Cir. 1990).

## III. ANALYSIS

In support of his motion for a new trial, Ragan makes two arguments that the jury award he received was inadequate. First, he argues a new trial is required because the jury rendered an inconsistent verdict by awarding him his medical bills but no economic damages or compensation for pain and suffering [Doc. 81, pg. 4]; *see Hinkle v. Waddell*, 945 F.2d 404 (Table) (6th Cir. 1991). Second, he contends the jury rendered a compromise verdict [Doc. 81, pgs. 4–5].

"[T]he scope of review of a damage award is extremely narrow. … The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proved by the plaintiff's uncontradicted and undisputed evidence." *Bell v. Johnson*, 404 F.3d 997, 1003 (6th Cir. 2005) (quoting *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001)).

Here, Ragan has not "unquestionably" proven his economic and pain-and-suffering damages. Ragan's economics expert performed his calculations assuming a retirement age of either 64.2 or 67, whereas a Norfolk Southern employee testified he could not recall any boilermaker working that long. The jury had no shorter timeframe on which to base an award. Norfolk Southern's Vocational Rehabilitation Department offered to help Ragan find another job at the railroad, but he failed to participate in that process. The jury therefore could have reasonably concluded the incident caused Ragan no future wage loss. Moreover, video of the incident shows

3

Ragan stumble slightly over a mat. It showed him exiting the restroom moments later without any noticeable change to his gait. Norfolk Southern's biomechanics expert testified the forces exerted on Ragan's lower back during this event were commensurate with ordinary daily activities such as picking up a bag of groceries or "sitting in a chair quickly." He further explained the mechanism for sustaining a knee injury like Ragan's was absent from the video. The evidence supported the jury's finding that this incident caused Ragan no compensable pain and suffering [*See* Doc. 74, pg. 2].

Similarly, Ragan fails to show the jury's verdict was a compromise. "Courts do not speculate whether jury verdicts are the result of compromise." *Acuity Mut. Ins. Co. v. Frye*, No. 1:09–cv–157, 2010 WL 8500028, at *3 (E.D. Tenn. July 30, 2010). Ragan's argument is conclusory and merely invites the Court to speculate [*See* Doc. 81, pgs. 4–5]. As explained, however, the jury reached a rational conclusion that the evidence supported an award of the unpaid medical bills and nothing further. Ragan's new-trial motion is therefore **DENIED**.

That leaves Norfolk Southern's Objection to Ragan's Bill of Costs [Doc. 82]. Fed.R.Civ.P. 54(d) provides, "costs—other than attorney's fees—should be allowed to the prevailing party." "A party is the prevailing party under Rule 54(d) even when it is only partially successful." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005). In *Andretti*, the court held the plaintiff prevailed even where the outcome was the defendant's voluntary entry of an injunction because the injunction "appear[ed] in the final judgment, it was judicially sanctioned by the district court, and it changed the legal relationship between the parties." *Id.* at 836.

Here, Ragan was the prevailing party under the rule. The Court entered judgment in his favor and ordered Norfolk Southern to pay him $282.10 [Doc. 77]. Nonetheless, the Court has discretion to decline to award costs when "it would be inequitable under all the circumstances of the case to do so," including when "the prevailing party's recovery is so insignificant that the

judgment amounts to a victory for the defendant." *Andretti*, 426 F.3d at 836 (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)). Here, the Complaint sought $2.5 million in damages [Doc. 1, pg. 3]. Plaintiff filed an Amended List of Damages ahead of trial in which he asserted economic losses of $969,846, or $844,400 reduced to present value, plus his medical bills of $2,821.03 [Doc. 55, pg. 1]. His recovery of $282.10 is insignificant by comparison and amounts to a victory for Norfolk Southern. Under these circumstances, it would be inequitable to award costs to Ragan, so Norfolk Southern's objection is **GRANTED** and costs are **DENIED**.

## IV. CONCLUSION

For these reasons, Ragan's new-trial motion [Doc. 80] is **DENIED**. Norfolk Southern's Objection to Ragan's Bill of Costs [Doc. 82] is **GRANTED** and costs are **DENIED**.

**SO ORDERED**:

s/ Clifton L. Corker
United States District Judge